

FILED

OCT 29 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALECK LEE JOHNSON,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-139-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On October 26, 2018, Petitioner Aleck Lee Johnson, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Johnston is a state prisoner proceeding pro se.

## I. Motion to Proceed In Forma Pauperis

Johnson has moved this Court to proceed in forma pauperis. (Doc. 2). Although he has failed to file the requisite inmate account statement, there is no reason to delay this action. Johnson's motion to proceed in forma pauperis will be GRANTED.

1

## II.   28 U.S.C. § 2254 Petition

Johnson challenges a criminal conviction for Intimidation handed down in Montana's Eighth Judicial District Court, Cascade County, on November 26, 2017. (Doc. 1 at 2-3.) Following the entry of a guilty plea, Johnson was sentenced to 10 years in the Montana State Prison with 2 of the years suspended. *Id* at 3.

Johnson alleges the state court denied him credit for the time he served while he was released from custody after posting a $100,000 bond. *Id.* at 4, ¶ 13(A).

### i.   Analysis

Johnson's petition should be dismissed because any claims he seeks to advance relative to his current custody have not yet been exhausted in the state court system. Johnson currently has an active appeal pending before the Montana Supreme Court. *Id.* at 6, ¶ 14; see also, *State v. A. Johnson*, DA 18-0062, Or. (filed Oct. 5, 2018)(granting Appellant an extension of time to Nov. 11, 2018, to file the opening brief).[1] Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of

---

[1] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed October 26, 2018).

2

comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

As set forth above, a review of the Montana Supreme Court Docket reveals that Johnson has a direct appeal pending in which he is represented by counsel. While the Court makes no finding as to the merit of Johnson's claims, assuming Johnson could state cognizable constitutional claims at this juncture, it does not relieve him of the burden of first presenting such claims to the state courts. Accordingly, there are still remedies available to Johnson under state law, including direct and collateral review. Because Johnson has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Johnson may

return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Johnson has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

4

Based on the foregoing, the Court makes the following:

## ORDER

1. Mr. Johnson's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.

## RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Johnson may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Johnson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Johnson is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

5

dismissal of his case without notice to him.

DATED this 29th day of October, 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge